UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Maureen Frase,

                    Plaintiff(s),

              -against-

J.C. Penney Corporation Inc., et al.,

                    Defendant(s).

No. 07 Civ. 5934 (LTS)(MHD)
INITIAL CONFERENCE ORDER

LAURA TAYLOR SWAIN, DISTRICT JUDGE:

1.    It is hereby ORDERED that a pre-trial conference shall be held in the above-captioned matter
      on **July 23, 2007 at 12:30 p.m.** in Courtroom No. 17C[1], 500 Pearl Street, New York, New
      York 10007. It is further

2.    ORDERED that counsel[2] for the removing defendant(s) shall serve a copy of this Initial
      Conference Order on each other party within ten (10) days following the date of this order,
      and that a copy of this Initial Conference Order shall also be served with any subsequent
      process that brings in additional parties, and that proof of such service shall be filed with the
      Court promptly. It is further

3.    ORDERED, that the removing defendant(s) shall serve on all other parties and file **within ten
      (10) days following the date of this order** a submission providing the following information:

      a.    A full explanation if all defendants who had been served at the time of removal did not
            join in the notice of removal.

      b.    A full explanation if the notice of removal was dated more than thirty (30) days after
            the first defendant was served.

      c.    If the action has been removed on grounds of diversity jurisdiction, a statement as to
            whether any of the defendants who had been served at the time of removal is a citizen
            of New York State.

      d.    If the action has been removed on the grounds of diversity jurisdiction, the citizenship
            of all named plaintiffs and all named defendants (including the citizenship of all

---

[1]    On the day of the conference, check the electronic board in the lobby to be certain of the proper
       courtroom.

[2]    As used in this Order, the term "counsel" shall, in the case of an individual party who is proceeding
       Pro-se, mean such party.

members or partners in any non-corporate party), if such states of citizenship were not set forth in the notice of removal.

If any plaintiff has a response to defendant's submission such response, if any, shall be filed and served within fourteen (14) days of service of the submission.  Any motion to remand the action to state court based on procedural defects in the removal must be filed, if at all, within thirty (30) days after removal.  See 28 U.S.C. § 1447(c).

4.     ORDERED that counsel for the parties confer preliminarily **at least twenty-one (21) calendar days prior to the date set forth in paragraph 1 above** to discuss the following matters:

   a.     Facts that are not disputed and facts that are in dispute.
   b.     Contested and uncontested legal issues.
   c.     The disclosures required by Fed. R. Civ. P. 26(a)(1).
   d.     Anticipated amendments to the pleadings, and an appropriate deadline therefor.
   e.     Settlement.
   f.     Whether mediation might facilitate resolution of the case.
   g.     Whether the case is to be tried to a jury.
   h.     Whether each party consents to trial of the case by a magistrate judge.
   i.     Anticipated further discovery, including discovery of electronically stored information and procedures relevant thereto,  and an appropriate deadline for the conclusion of discovery.
   j.     Whether expert witness evidence will be required, and appropriate deadlines for expert witness discovery.
   k.     Whether dispositive motions may be appropriate, and a deadline for such motions.
   l.     Evidence to be presented at trial and the length of time expected to be required for the presentation of evidence at trial.

   It is further

5.     ORDERED that counsel for all parties shall confer and shall prepare, execute and file with the Court, with one courtesy copy provided to chambers of the undersigned, **no later than seven (7) calendar days before the date set forth in paragraph 1 above** a single document captioned PRELIMINARY PRE-TRIAL STATEMENT, which shall be signed by all counsel, which shall set forth the following information, and which shall constitute the written report required by Fed. R. Civ. P. 26(f):

   a.     A concise statement of the nature of this action.
   b.     A concise statement of each party's position as to the basis of this Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.
   c.     A concise statement of all material uncontested or admitted facts.
   d.     A concise statement of all uncontested legal issues.
   e.     A concise statement of all legal issues to be decided by the Court.
   f.     Each party's concise statement of material disputed facts.
   g.     A concise statement by each plaintiff and each counterclaimant of the legal basis of

each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.

h.  Each party's concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Rules, and other applicable regulatory and judicial authority intended to be relied on by such party.

i.  A concise statement of the measure of proof and on whom the burden of proof falls as to each cause of action or defense.

j.  Whether and to what extent amendments to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.

k.  A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented).

l.  What, if any, changes should be made in the timing, form or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.

m.  The subjects on which disclosure may be needed and a proposed discovery cut-off date.

n.  Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.

o.  What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.

p.  The status of settlement discussions and the prospects for settlement of the action in whole or in part, provided that the Preliminary Pre-Trial Statement shall not disclose to the Court specific settlement offers or demands.

q.  A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.

r.  Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).

It is further

6.  ORDERED that counsel shall be prepared to discuss the foregoing at the pre-trial conference, as well as whether a reference to the Magistrate Judge or to mediation may be helpful in resolving this case, and anticipated dispositive motions and a deadline therefor.  It is further

7.  ORDERED that counsel attending the pre-trial conference shall seek settlement authority from their respective clients prior to such conference. "Settlement authority," as used herein, includes the power to enter into stipulations and make admissions regarding all matters that the participants may reasonably anticipate discussing at the pre-trial conference including, but not limited to, the matters enumerated in the preceding paragraphs.

8.    In the event that any party fails to comply with this Order, the Court may impose sanctions or
       take other action as appropriate.  Such sanctions and action may include assessing costs and
       attorneys' fees, precluding evidence or defenses, dismissing the action, and/or the imposition
       of other appropriate penalties.

9.    This case has been designated an electronic case.  Counsel for all parties are required to
       register as filing users in accordance with the Procedures for Electronic Case Filing promptly
       upon appearing in the case.

              IT IS SO ORDERED.


       Dated: New York, New York
              June 27, 2007

                                                    LAURA TAYLOR SWAIN
                                                    United States District Judge