IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

MAUREEN FRASE,

                                                  Plaintiff,

                                                                                      Docket # 07 Civ 5934

                -against-                                                (LTS)(MHD)

J.C. PENNEY CORPORATION, INC. and FISHER
DEVELOPMENT, INC.,

                                                  Defendants.

---

## PRELIMINARY PRE-TRIAL STATEMENT

The parties hereto, after due conference and consultation in accordance with this Court's Order dated June 27, 2007, jointly and respectfully set forth as follows, in accordance with Paragraph 5 of said Order:

    a.    This case involves a claim for personal injuries allegedly sustained by the plaintiff when she slipped/tripped and fell at the J.C. Penney location at 9303 West Atlantic Boulevard, Coral Springs, Florida (the "premises"). It is further claimed that defendant FISHER DEVELOPMENT, INC. ("FISHER") was performing and/or supervising construction work in the area and that this work led to or contributed to the incident.

    b.    All parties agree that Plaintiff is a citizen of the State of New York; Defendant J.C. PENNEY CORPORATION, INC. ("J.C. PENNEY") is a Delaware corporation with its principle place of business in Texas; and Defendant FISHER is a California corporation with its principle place of business in California. Accordingly, all parties agree that there is complete diversity of citizenship. Further, Plaintiff is seeking damages in excess of $75,000, satisfying the jurisdictional minimum of this Court. 28 U.S.C. §1332.

    c.    The parties agree that plaintiff was present at the premises on May 19, 2006; that J.C. PENNEY operated a retail store at the premises on that date; and that FISHER was involved with construction work on the premises as of that date.

d.  The parties agree that this court has jurisdiction over this action and the parties and that general negligence principals will apply to this case. There are no other uncontested legal issues.

e.  The Court will be called upon to decide:

i)  Whether J.C. PENNEY was negligent in its operation of the premises on May 19, 2006; whether that negligence proximately caused any injury to plaintiff; and the degree of that negligence in proportion to that of the other parties, if any;

ii)  Whether FISHER was negligent in its work and/or supervision on the premises on May 19, 2006; whether that negligence proximately caused any injury to plaintiff; and the degree of that negligence in proportion to that of the other parties, if any;

iii)  Whether plaintiff was negligent on the premises on May 19, 2006; whether her negligence proximately caused her alleged; and the degree of that negligence in proportion to that of the other parties, if any; and

iv)  Whether valid contractual indemnity and/or common law indemnity or contribution claims exist between J.C. PENNEY and FISHER.

f.  i)  Plaintiff sets forth the following statement of disputed facts:

That on May 19, 2006, plaintiff was lawfully at J.C. Penny and while shopping in aisle she was caused to slip/trip and fall at a construction area within said aisle on plastic draping that hung from the ceiling causing a hazardous trap like condition. As a result of said fall, she was caused to fall on a construction area sustained serious injuries, including, but not limited to, her coxcyx, hip, and spine.

ii)  Defendant J.C. PENNEY sets forth the following statement of disputed facts:

A) On the date of the alleged incident, a construction prjuect was ongoing at the premises;

B) Defendant FISHER was performing construction work on the premises on that date pursuant to a contract between the defendants;

C) In the event that plaintiff was injured on the premises on May 19, 2006, then she was injured solely due to her own negligence;

D) In the event that plaintiff was injured on the premises on May 19, 2006 as the result of any cause other than her own negligence, then she was injured due to the negligence of defendant FISHER;

E) The contract between the defendants entitles defendant J.C. PENNEY to indemnity from defendant FISHER; and

F) The contract between the defendants entitles defendant J.C. PENNEY to reimbursement for its defense costs in this action from defendant FISHER.

iii) Defendant FISHER sets forth the following statement of disputed facts:

A) Plaintiff did not sustain injury to the extent or in the manner alleged;

B) In the event that plaintiff was injured on the premises on May 19, 2006, then she was injured solely due to her own negligence;

C) In the event that plaintiff was injured on the premises on May 19, 2006 as the result of any cause other than her own negligence, then she was injured due to the negligence of defendant J.C. PENNEY;

D) In the event that plaintiff was injured on the premises on May 19, 2006 as the result of any cause other than her own negligence or the negligence of defendant J.C. PENNEY, then she was injured as the result of the active negligence of a party or parties (subcontractors) not a part of this litigation, over whom jurisdiction cannot be obtained in this District;

E) The purported contract between defendants does not entitle JC Penney to defense or indemnity herein;

g. i) Plaintiff's claims are based in common law negligence.

ii) Defendant J.C. PENNEY's cross-claims against defendant FISHER are based in contractual indemnity; common law indemnity; common law contribution; and breach of contract theory.

iii) Defendant FISHER's cross-claims against defendant J.C. PENNEY are based on common law indemnity and common law contribution.

  h. Defendants expect to assert defenses based in
    i) comparative negligence and culpable conduct (CPLR §1411; CPLR §1412);
    ii) set-off for collateral sources (CPLR §4545);
    iii) assumption of risk;
    iv) failure to join a necessary party (Fed. R. Civ. P. 19; Fed. R. Civ. P. 12(b)(7));
    v) failure to state a cause of action upon which relief can be granted (Fed. R. Civ. P. 12(b)(6)); and
    vi) *forum non conveniens;* and
    vii) improper venue (Fed. R. Civ. P. 12(b)(3)).

  i. All claims, cross-claims, and affirmative defenses herein must be proven by a preponderance of the evidence. Plaintiff will have the burden of proof of all claims in the complaint; each defendant will have the burden of proof of its respective cross-claims and affirmative defenses.

  j. Amendments of the pleadings are not anticipated. To the extent that FISHER can identify and obtain jurisdiction over responsible subcontractors, impleader of third-party defendants may taker place in the next ninety to one hundred twenty (90 – 120) days.

  k. The parties do not consent to transfer to a magistrate judge.

  l. The parties do not anticipate needing amendments to the disclosure requirements of Fed. R. Civ. P. 26(a); the parties anticipate making Fed. R. Civ. P. 26(a)(1) disclosures within twenty (20) days hereof.

  m. Disclosure will be needed on the question of how the alleged incident occurred; Plaintiff's alleged injuries; and the contractual relationship between the defendants; the scope and status of the construction work occurring at J.C. Penny at the time of the incident; and the condition and layout of the store as it existed at the time of the incident. The parties propose a discovery cutoff date of April 30, 2008.

  n. Expert evidence is anticipated on the nature and extent of Plaintiff's alleged injuries. Depending on the nature of lay testimony and other evidence, the parties also reserve their respective rights to retain and call experts on the relevant liability issues including but not limited to retail store operations and safety; and construction operations and safety.

  o. The parties do not request any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

  p. The parties have discussed their respective positions vi-a-vis liability and the plaintiff's allegations of injury. A settlement demand has been provided and Plaintiff's counsel has agreed to provide documentation intended to support the demand, following which the parties have agreed to confer again.

q. The parties request trial by jury. Plaintiff anticipates her case-in-chief to be presented over the course of three (3) days. Defendant J.C. PENNEY anticipates its case-in-chief to be presented over the course of two (2) days. Defendant FISHER anticipates its case-in-chief to be presented over the course of two (2) days.

r. The parties do not request any other Orders under either Fed. R. Civ. P. 26(a); Fed. R. Civ. P. 16(b); or Fed. R. Civ. P. 16(c).

The parties further agree that they reserve the right to amend their positions as stated herein up to and including the completion of the Pre-Trial Order.

Date: Hicksville, New York
August 15, 2007

_____
Maria del Pilar Ocasio-Douglas, Esq.
BAUMAN, KUNKIS & OCASIODOUGLAS, P.C.
Attorney for Plaintiffs
225 West 34th Street
New York, NY 10122
(212) 564-3555

_____
Bradley J. Levien, Esq. (BL-0503)
MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS
Attorney for Defendant J.C. PENNEY
25 Newbridge Road, Suite 200
Hicksville, NY 11801
(516) 939-9200
File # 003772.000019

_____
Allen H. Gueldenzopf, Esq.  AG0205
LAW OFFICES OF JOHN P HUMPHREYS
Attorney for Defendant FISHER
485 Lexington Avenue
New York, NY 10017-2630
(917) 778-6606